UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EPIC INVESTMENTS, INC and SEAHORSE SERVICES INC. | CIVIL ACTION |
| VERSUS | NO:     07-07154 |
| OMNI MARINE SERVICES, INC. and OIL MOP, LLC | SECTION: "R" (4) |

## ORDER

Before the Court is a **Motion for More Definite Statement (R. Doc. 9)**, filed by the Defendant, Oil Mop, LLC ("Oil Mop"), seeking a more definite statement of Paragraph V and Paragraph VII of the Plaintiffs' Complaint. The Plaintiffs, Epic Investments, Inc. ("Epic") and Seahorse Services, Inc. ("Seahorse") oppose the motion. (R. Doc. 11).[1] The motion was heard on December 26, 2008.

**I.     Background**

The circumstances surrounding this case arose shortly after Hurricanes Katrina and Rita. According to the Complaint, in October 2005, both Omni Marine Services, Inc. ("Omni") and Oil Mop chartered the Epic Enterprise, a quarters vessel. (R. Doc. 1.) Oil Mop, the mover herein, allegedly entered into a written charter and agreed that Epic and Seahorse would directly invoice

---

[1] The original opposition was submitted out of time. Later, the Plaintiffs filed a motion for leave to file the subject opposition which was granted by the undersigned.

Omni. (R. Doc. 1.) The charter continued for a little over two (2) months and despite demands, the Oil Mop and Omni allegedly failed to pay for the chartered vessel under the terms of the agreement.

In the subject motion, Oil Mop contends that the allegations in Paragraphs V and VII are so vague as to it that its difficult to respond to the Plaintiffs' allegations. Further, Oil Mop contends that because the allegations are vague, the Plaintiff should be required to amend the allegations against Oil Mop.

The Plaintiffs opposes the motion, contending that their Complaint has been adequately pled. The Plaintiffs further contend that additional information is more appropriately obtained through discovery.

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading

does not provide sufficient notice. *Id.* Furthermore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id.*; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

### III.   Analysis

Oil Mop contends that the allegations set forth in the Complaint against it by the Plaintiffs are so vague that it cannot respond to them. The portions of the Complaint which are in dispute are Paragraph V and Paragraph VII.

The Plaintiffs respond that its allegations are adequate and that the Oil Mop should be in a position to respond to them.  They further contends that it anticipated that Oil Mop would take the position. It proceeds to further set forth factual explanations or allegations which are not in the Complaint, namely that Oil Mop used the services of its quarter barge and that it instructed Epic to invoice Omni Marine for the expenses associated with the expenses for the barge.

The challenged portions of the Complaint set forth that:

V

Beginning on October 26, 2005, Defendants chartered the Epic Enterprise, a quarters vessel, from Plaintiff for three months.  Oil Mop entered into a written charter. Plaintiff and Defendants agreed that Plaintiff was to directly invoice Omni Marine.

VII

Despite demands, Defendants have failed to pay Plaintiff for the agreed daily charter rate from December 1, 2005 until January 6, 2006. Under the terms of the agreement between Plaintiff and Defendants, Defendants were to pay Plaintiff for each day that Defendants chartered the vessel from the Plaintiff.

The Court notes that the Plaintiffs do not state how or when the instructions were given to submit the invoice directly to Omni. Nor does it allege in the Complaint that Omni advised Epic that Oil Mop was Omni's customer and that somehow this relationship resulted in an instruction to Epic to send its invoice for the quarter barge services to Omni rather than Oil Mop, the entity that it alleges to have a written contract for services with. The Court therefore finds that the allegations as set forth against Oil Mop are vague. The Plaintiffs therefore are required to submit a more definite statement no later than ten (10) days of the signing of this order.

**IT IS THEREFORE ORDERED** that the **Motion for More Definite Statement (R. Doc. 9)** is **GRANTED** and the Plaintiffs shall submit a more definite statement setting for the allegations against Oil Mop, LLC **no later than ten (10) days** from the signing of this Order.

New Orleans, Louisiana, this 14th day of March 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**